IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN L. REAGAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-cv-1955-N-BT |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After being convicted of conspiracy to commit extortion and aiding and abetting extortion, serving a custodial sentence in the Bureau of Prisons (BOP), and being released from custody, Petitioner Darren L. Reagan filed a petition for a writ of *coram nobis* under 28 U.S.C. § 1651 (ECF No. 3). He asks that the Court vacate his conviction. For the reasons set forth below, the District Judge should deny Reagan's petition for a writ of *coram nobis*.

**Background**

Following a jury trial, Reagan was convicted of conspiracy to commit extortion and aiding and abetting extortion and was sentenced to two concurrent terms of 168 months' imprisonment. *See United States v. Reagan*, No. 3:07-cr-0289-M(07) (N.D. Tex. Mar. 23, 2010), *aff'd*, 725 F.3d 471 (5th Cir. 2013). The conviction stems from Reagan's involvement—as chairman and CEO of the Black

State Employees Association of Texas (BSEAT) and the BSEAT Community Development Corporation—in an illegal kickback scheme. *Reagan,* 725 F.3d 471 at 477. Reagan unsuccessfully pursued post-conviction relief through a motion for a new trial,[1] initial and successive motions to vacate sentence under 28 U.S.C. § 2255,[2] and two habeas corpus petitions under 28 U.S.C. § 2241.[3]

According to Reagan, he was released to home confinement on December 3, 2019. Pet. ¶ 2. Reagan was then released from BOP custody on June 22, 2022. *Id.*; *see also* BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (search "Find By Name," "First": Darren; "Last": Reagan). Reagan "successfully completed the full three years of supervised release" on June 27, 2025. Pet. ¶ 2.

He filed the instant petition for a writ of *coram nobis* on July 25, 2025. Reagan claims that he was "wrongfully convicted" due to purported conflicts of interest. *Id.* ¶ 1. Specifically, the "entire criminal case" against him was supposedly "founded on the testimony and cooperation of a conflicted individual, James R. Bill Fisher." *Id.* ¶ 3. Fisher had purportedly acted as a "confidential informant and

---

[1] *United States v. Reagan,* 592 F. App'x 307 (5th Cir. Feb. 2, 2015).
[2] *Reagan v. United States,* No. 3:14-CV-3420, 2016 WL 3023890 (N.D. Tex. May 2, 2016), *rec. accepted,* 2016 WL 3030173 (N.D. Tex. May 25, 2016); *Reagan v. United States,* No. 3:17-CV-2217, Doc. 9; (N.D. Tex. Aug. 21, 2017); *Reagan v. United States,* No. 3:18-CV-1007, 2018 WL 10424864 (N.D. Tex. Jan. 9, 2018), *rec. accepted,* 2018 WL 1899352 (N.D. Tex. Apr. 20, 2018).
[3] *Reagan v. Warden,* 2:17-CV-0807, 2018 WL 7142196, at *1–2 (W.D. La. Dec. 27, 2018), *rec. accepted,* 2019 WL 386870 (W.D. La. Jan. 30, 2019); *Reagan v. Wells,* No. 3:21-CV-00507-M (BT), 2021 WL 1877060, at *4 (N.D. Tex. Apr. 8, 2021) (Rutherford, J.), *rec. accepted,* 2021 WL 1872580 (N.D. Tex. May 10, 2021).

government agent" while represented by some members of Reagan's team of defense counsel. *Id.* ¶¶ 3, 6. Reagan claims that his defense counsel and federal prosecutors failed to disclose this information, thus undermining the fairness of Reagan's trial—and harming Reagan's First and Fifth Amendment rights. *Id.* ¶ 9.

Accordingly, Reagan requests that the Court vacate his conviction and provide him with any other relief that the Court deems just and proper.

Reagan has sought to amend or otherwise supplement his Petition four times since his initial filing. *See* ECF Nos. 4, 8, 10–12. In each of these filings, Reagan submits supposedly new evidence supporting his claims for relief.

## Legal Standards and Analysis

### I.  Collateral estoppel bars Reagan from relitigating the issues raised in his Petition.

Courts may raise and consider the issue of collateral estoppel *sua sponte*. *Williams v. Thaler*, 2011 WL 1750702, at *2 (S.D. Tex. May 6, 2011) (citing *Arizona v. California*, 530 U.S. 392, 412–13, (2000); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir.1998)).

Collateral estoppel, also known as issue preclusion, "applies when '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.' " *Amrollah v. Napolitano*, 710 F.3d 568, 572 (5th Cir. 2013) (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc)); *see also Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 228 (5th Cir. 2018) (per curiam) ("Issue preclusion

or collateral estoppel prevents a party from litigating an issue it previously 'litigated and lost' in another action" and thus " 'prevent[s] repetitious litigation of what is essentially the same dispute, ... conserv[es] judicial resources, [ ] maintain[s] consistency, and [ ] avoid[s] oppression or harassment of the adverse party.' ") (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 (1979); Restatement (Second) of Judgments § 27, cmts. c, e. (1982)). The determination of a question directly involved in one action is conclusive as to that question in a second suit. *See B & B Hardware, Inc., v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015).

The doctrine of collateral estoppel also applies to petitions for writs of *coram nobis*. *See Mwalumba v. United States*, 2019 WL 3021171, at *4 (N.D. Tex. June 26, 2019), *rec. accepted*, 2019 WL 3006655 (N.D. Tex. July 9, 2019) (applying doctrine of collateral estoppel to claims raised in petition for writ of *coram nobis*).

### a. Identical issues were previously adjudicated.

Reagan raised claims related to Fisher and his counsel's alleged conflict of interest at trial and on direct appeal. The district court and Fifth Circuit have already addressed the issues raised by Reagan in his petition:

> [Reagan] alleges that he and Fisher had both at times used the same attorney prior to that attorney's death a few months before the start of trial.
>
> . . .
>
> The district court did not abuse its discretion by failing to hold a *Garcia* hearing into, or to otherwise investigate, any of these

claims, as none presented an instance of conflicted counsel that would have necessitated such a hearing on Sixth Amendment grounds, or required an investigation with respect to any other type of conflict of interest. . . . [T]he fact that a now-deceased attorney represented Reagan and Fisher in other matters prior to the trial did not implicate Reagan's right to conflict-free counsel. *Cf. Perillo v. Johnson, 205 F.3d 775, 801–06 (5th Cir. 2000)* (discussing the conflict of interest present when a defendant's trial counsel also represents a witness against the defendant).

*Reagan, 725 F.3d 471, 488 (5th Cir. 2013)*.

Reagan insists in his response to a Magistrate Judge Questionnaire (MJQ) that his current claims were never adjudicated at trial or on appeal. Resp. at 4–5. He contends that his claims in this action relate to three of his former defense attorneys—James Murphy, John Carney, and William Ravkind—while the Fifth Circuit only addressed the merits of arguments related to Murphy. *Id.* at 4. Further, Reagan mentions that additional conflicts existed involving senior partners employed at Haynes & Boone, the same firm as the husband of the government's lead prosecutor. *Id.* at 5.

But Reagan did, in fact, raise all these claims on appeal. First, he argued that Murphy, Carney, and Ravkind were all conflicted:

James M. Murphy represented Fisher in all of his cases, criminal and civil, leading to the case sub judice. However, Murphy was Reagan's personal and corporate attorney since 1999 and until his death a few months before trial in this case. Also Carney, Fisher's codefendant in the criminal case and co-plaintiff in the civil cases against the government, was Reagan's corporate attorney at BSEAT and represented Reagan in the matter of West Cliff Shopping Plaza Partnership Bankruptcy proceedings. William M. Ravkind was also a corporate attorney

5

for Reagan and BSEAT. Ravkind also represented Carney in his criminal case, which had Fisher as a codefendant. Murphy was representing Reagan simultaneously with Fisher, who was working for the government and building a criminal case against Reagan concerning BSEAT's business activities which Murphy was also representing.

*Reagan v. United States*, 10-10211, Appellant's Br. at 130–31 (Doc. No. 497) (5th Cir. 2013). Reagan also explained the conflict related to Fisher and Haynes & Boone at length. *See id.* at 125, 135–37.

The Fifth Circuit rejected all these arguments and affirmed the judgment of the district court.

Accordingly, identical issues raised by Reagan now were previously adjudicated.

### b. The issue here was actually litigated in the trial court and on direct appeal.

"An issue is actually litigated 'when it is raised by the pleadings, submitted for determination, and is actually determined.'" *Sawyer v. Long Beach Mortg. Co.,* 2011 WL 13234273, at *3 (N.D. Tex. Aug. 17, 2011) (citing *Matter of Gober*, 100 F.3d 1195, 1203 (5th Cir. 1996), *abrogated on other grounds by, In re Caton*, 157 F.3d 1026, 1030 n. 18 (5th Cir.1998)); *see also Stanley Tools v. Madison Mills, Inc.*, 109 F. Supp. 2d 500, 502 (E.D. La. 2000) ("The 'actually litigated' requirement does not necessitate that the issue be disposed of at trial . . . [T]o satisfy the 'actually litigated' requirement, the issue need only be presented to the adverse party with the full opportunity and motive for the adverse party to contest

6

it.") (citing *Harris Trust & Sav. Bank v. Ellis*, 810 F.2d 700, 705 (7th Cir. 1987)); *see also Jenkins v. United States*, 2008 WL 5095973, at *2 (S.D. Tex. Nov. 19, 2008) (quoting *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir.1997)) ("Substantive claims raised and rejected on direct appeal are 'barred from collateral review.' ").

Here, Reagan raised claims related to Fisher and his defense counsel's conflict of interest at trial and on direct appeal before the Fifth Circuit;[4] the United States responded to these arguments on appeal;[5] Reagan filed a reply brief;[6] and the Fifth Circuit addressed the issues.

Thus, the issues raised by Reagan in this action were "actually litigated" in the trial court and on direct appeal.

### c. The previous determination was necessary to the decision.

The determination rejecting Reagan's arguments about Fisher and his own defense counsel was necessary to deny Reagan's appeal. So the third element of issue preclusion is satisfied.

In sum, collateral estoppel bars Reagan's claims in this lawsuit because this identical issue was previously adjudicated in the criminal proceedings and on appeal. Thus, the District Judge should dismiss this action with prejudice.

---

[4] *Reagan*, 725 F.3d 471, 487–88; *United States v. Reagan*, 10-10211, Appellant's Br. at 124–37 (Doc. No. 497).

[5] *Id.*, Appellee's Br. at 138–42 (Doc. No. 528).

[6] *Id.*, Appellant's Reply Br. at 23–37 (Doc. No. 600).

## II.    Alternatively, Reagan is not entitled to a writ of *coram nobis*.

A writ of *coram nobis* is "an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction[.]" *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir.1996)); *see also United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (citing *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994)). A petitioner must show that a fundamental error justifies vacating his conviction and that sound reasons exist for his delay in seeking earlier relief. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (*coram nobis* will issue only to correct errors of "the most fundamental character" and "sound reasons" must exist for failure to seek appropriate relief earlier) (quoting *United States v. Morgan*, 346 U.S. 502, 511–12 (1954)). A petitioner must also show that the error challenged is of a sufficient magnitude to justify the extraordinary relief sought—a "complete miscarriage of justice." *Jiminez, 91 F.3d at 768* (citing *Castro, 26 F.3d at 557*); *see also Esogbue, 357 F.3d at 535*.

A writ of *coram nobis* is available only when "no other remedy may be available." *See United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989); *see also Dyer, 136 F.3d at 422*. The Supreme Court has noted that it "is difficult to conceive of a situation in a federal criminal case today where [the writ] would be

8

necessary or appropriate." *Carlisle v. United States,* 517 U.S. 416, 429 (1996). The writ of *coram nobis* should "not be used as a substitute for appeal and should only be employed to correct errors 'of the most fundamental character.'" *Dyer,* 136 F.3d at 422 (quoting *Morgan,* 346 U.S. at 512); *see also Esogbue,* 357 F.3d at 535. A writ of *coram nobis* also cannot be used to "override" § 2255's statute of limitations or to "circumvent" the restrictions it imposes on unauthorized, successive motions. *Frasier v. United States,* 343 F. App'x 985, 986 (5th Cir. 2009) (per curiam). "In addition, a petitioner bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct." *Dyer,* 136 F.3d at 422.

Reagan's petition fails on the merits because he fails to show the required elements necessary to issue a writ of *coram nobis. See Langston v. United States,* 2016 WL 800210, at *14 (N.D. Miss. Feb. 29, 2016). The requisite elements for *coram nobis* relief are: (1) the ground for relief involves a fundamental error; (2) no other judicial remedy is available; (3) valid reasons excuse the petitioner's failure to seek relief on these issues in earlier proceedings; and (4) the petitioner is suffering or is threatened with adverse collateral consequences because of his conviction. *Id.* As a result, the Court may summarily dismiss the petition without briefing. *See United States v. Duke,* 2001 WL 733347, at *1 (N.D. Tex. June 26, 2001).

### a. Reagan has not shown he is suffering from collateral consequences.

Reagan alleges that he suffers from four collateral consequences because of his conviction: (i) employment barriers for "high-quality" opportunities in "business finance and consulting, insurance and marketing related industries"; (ii) inability to hold public office; (iii) housing restrictions; and (iv) firearms restrictions. Resp. at 5. But even with the liberal construction due *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), Reagan fails to allege, much less demonstrate, he is suffering from a specific collateral consequence that warrants *coram nobis* relief.

Courts in this Circuit do not find that the types of collateral consequences "which ordinarily flow from a felony conviction . . . warrant *coram nobis* relief." *United States v. Harrison*, 2014 WL 12848415, at *2 (E.D. Tex. June 24, 2014) (citations omitted). These include each alleged consequence identified by Reagan. *See Mihailovich v. United States*, 2015 WL 5326172, at *3 (N.D. Tex. June 22, 2015), *rec. accepted*, 2015 WL 5396033 (N.D. Tex. Sept. 14, 2015) (citations omitted) (rejecting arguments that barriers to employment, inability to carry a firearm, and housing restrictions warrant *coram nobis* relief); *Neal v. Texas*, 2020 WL 5262529, at *2 (E.D. Tex. July 30, 2020), *rec. accepted*, 2020 WL 5258336 (E.D. Tex. Sept. 3, 2020) (citations omitted) (finding that inability to hold public office is not a collateral consequence for purposes of *coram nobis*). Indeed, Reagan has failed to show that any of his disabilities cause a present, continuing harm,

which arises out of his alleged erroneous conviction, and that is beyond the normal and incidental effects of being convicted.

Accordingly, the District Judge should deny Reagan's petition for writ of *coram nobis*.

### b. Reagan has not shown a complete miscarriage of justice.

Reagan's petition also fails because he has not shown a complete miscarriage of justice. A writ of *coram nobis* "will issue only to correct errors resulting in a complete miscarriage of justice." *Esogbue, 357 F.3d at 534* (quoting *Jimenez v. Trominiski, 91 F.3d 767, 768* (footnote omitted)). When the claims set forth in a petition for writ of *coram nobis* were raised or could have been raised in a prior habeas action, the petitioner has not established "a complete miscarriage of justice." *United States v. Kessler, 335 F. App'x 403, 404 (5th Cir. 2009)* (per curiam) (citing *Esogbue, 357 F.3d at 535*). When a petitioner fails to make the requisite showing of a complete miscarriage of justice, the district court does not abuse its discretion by denying *coram nobis* relief. *United States v. Calzada, 2023 WL 2010750, at *1 (5th Cir. Feb. 15, 2023)* (per curiam) (citing *Esogbue, 357 F.3d at 535*).

Reagan is raising the same claims he presented in a prior § 2255 motion. *See Reagan v. United States, No. 3:14-CV-3420, 2016 WL 3023890, at *1 (N.D. Tex. May 2, 2016), rec. accepted, 2016 WL 3030173 (N.D. Tex. May 25, 2016).* The Court rejected this argument and denied him relief. *Id.* at *2–3. So Reagan is not

entitled to a writ of error *coram nobis* now. After all, "[t]he 'regurgitation' of claims already presented in an unsuccessful § 2255 petition does not make 'the necessary showing of a complete miscarriage of justice." *United States v. Tucker*, 555 F. App'x 434, 434–35 (5th Cir. 2014) (per curiam) (quoting *Esogbue*, 357 F.3d at 535) (internal quotation marks omitted).

Accordingly, the Court should dismiss Reagan's claims. *See United States v. Miller*, 705 F. App'x 325, 326 (5th Cir. 2017) (per curiam) (denying relief on a petition for writ of *coram nobis* where the petitioner's argument was previously addressed and denied in his § 2255 motion) (citing *Esogbue*, 357 F.3d at 535).

For these reasons, if the District Judge does not find this action is barred by collateral estoppel, the District Judge should dismiss Reagan's petition for *coram nobis*. This conclusion is not altered by Reagan's motions for leave to file amended petitions or supplements to the same (ECF Nos. 4, 8, 10). Accordingly, the Court should deny these motions, as well as Reagan's Motion to Compel Government Response (ECF No. 9) and Expanded Motion to Compel Judicial Action (ECF No. 14), as moot.

## Leave to Amend

"Rule 15 is a liberal standard that favors leave, but that preference has no purchase when amendment cannot cure the defect." *Ellsworth v. Dallas Texas Dep't of Veteran Affs.*, 160 F.4th 161, 169 (5th Cir. Nov. 20, 2025); *see also Sanders v. Deluxe*, 2025 WL 3491013, at *3 (N.D. Tex. Nov. 14, 2025) (Rutherford, J.), r*ec.*

*accepted*, 2025 WL 3488340 (N.D. Tex. Dec. 4, 2025) ("Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend her complaint prior to a dismissal.") Indeed, leave to amend is not required when plaintiffs have already pleaded their "best case." *Brewster v. Dretke, 587 F.3d 764, 767–68 (5th Cir. 2009)*.

Here, Reagan's claims are barred by collateral estoppel. He could not overcome this deficiency in an amended complaint. Additionally, Reagan has filed a response to an MJQ and multiple proposed amendments or supplements to his petition. He has had sufficient opportunity to state a claim and cannot do so. Thus, the Court should find that leave to amend is not required here.

### Motion to Withdraw Reference to Magistrate

Reagan also asks that the District Judge withdraw the referral of this case to this Magistrate Judge. *See* Mot. Withdraw Reference (ECF No. 13). He complains that he is entitled to relief and that the Court should have acted on his petition sooner.

The Court need not address these frivolous arguments. "Consent [to proceed before a Magistrate Judge] is needed only in some circumstances." *Herrmann v. Pointer*, 2024 WL 5397296, at *2 (W.D. Tex. Dec. 2, 2024). And Reagan fails to establish why his consent is necessary here.

So the District Judge should deny Reagan's request to withdraw the reference to the Magistrate Judge. *See id.* (denying motion to

13

withdraw reference to magistrate judge).

## Recommendation

The District Judge should:

- DENY Reagan's Motion to Withdraw Reference from Magistrate Judge (ECF No. 13);

- DENY Reagan's Motion for Leave to Amend Petition (ECF No. 4), Motion for Leave to File Second Amended Petition (ECF No. 8), Motion to Order and Compel Government Response (ECF No. 9), Third Motion for Leave to Supplement the Record (ECF No. 10), and Expanded Motion to Compel Judicial Action (ECF No. 14) as moot; and

- DISMISS this action with prejudice.

**SO RECOMMENDED on** February 9, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

14